SCOTT, Plaintiff in error, vs. THE STATE, Defendant in error.

*January 12—February 5, 1929.*

*James Murray* and *V. J. Collins,* both of Fond du Lac, for the plaintiff in error.

For the defendant in error there was a brief by *L. E. Gooding,* district attorney of Fond du Lac county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Gooding* and *Mr. Messerschmidt.*

DOERFLER, J. The issue raised in this case involves the determination of whether the municipal court of Fond du Lac county in performing the duties of an examining magistrate had jurisdiction, under the facts heretofore disclosed, to convict and sentence the defendant. It is conceded by all parties that the municipal court had jurisdiction to hear, try, and determine cases involving petty larceny; also that it had jurisdiction, as such municipal court, to perform the

functions of an examining magistrate. When the court sits as an examining magistrate it has no jurisdiction to pronounce sentence.

"The purposes of a preliminary examination may be said to be threefold: (1) to inquire concerning the commission of the crime and the connection of accused with it, in order that he may be informed of the nature and character of the crime charged against him, and, if there is probable cause for believing him guilty, that the state may take the necessary steps to bring him to trial; (2) to preserve the evidence and keep the witnesses within the control of the state; and (3) to determine the amount of bail." 16 Corp. Jur. p. 313, § 556.

The defendant is primarily interested in a preliminary examination because it affords him an opportunity of procuring a speedy discharge if the evidence is of such a nature as to not establish probable cause. While the defendant may introduce evidence if he so desires upon such examination, he is not obliged to do so. The finding of probable cause by an examining magistrate is not a determination of guilt, and the defendant cannot on such a finding be convicted or sentenced.

The criminal law is designed in this country to afford every reasonable protection to one charged with crime so that he may not be unjustly deprived of his liberty or sustain a blot upon his reputation or character which may follow him throughout life. To hold that an examining magistrate at the end of a preliminary examination can legally convict a defendant of a minor offense which the court has jurisdiction to hear, try, and determine, would convert the very purpose for which a preliminary examination was designed into a trap for the unwary. In the performance of the duties as a municipal judge, the presiding judge functions in accordance with the course of the common law. When the court acts as an examining magistrate it merely

performs those duties delegated to it by statute. The duties and powers of the magistrate being of statutory origin and creation, they can extend no farther than the statute provides or implies. The preliminary examination does not contemplate a trial by jury. It does not contemplate a plea of guilty or not guilty. It has few, if any, of the attributes of a tribunal to try criminal cases. In *State ex rel. Durner v. Huegin,* 110 Wis. 189, 239, 85 N. W. 1046, it is said in the opinion of Mr. Justice MARSHALL:

"A proceeding before an examining magistrate is not a judicial trial. It is a mere judicial inquiry, . . . for the purpose of determining whether an offense has been committed and there is a probability that the accused is guilty thereof and should be placed on trial therefor. No plea or issue is necessary. No jury is demandable or proper. The doctrine of *res adjudicata* does not apply so that the result of one inquiry will preclude another. It is a proceeding that was unknown to the common law,—a mere statutory creation, a personal privilege which the accused must be accorded unless he waives it."

It is our view that no further treatment of the issue or citation is necessary to establish the jurisdictional error of the lower court.

*By the Court.*—The judgment of the lower court is reversed, and the cause remanded with directions to discharge the defendant.