STATE EX REL. KENNON, Appellant, vs. HANLEY, Sheriff, Respondent.

*September 13—October 22, 1946.*

For the appellant there was a brief by *Torphy & Torphy* and *George A. Bowman,* all of Milwaukee, and oral argument by *Mr. Bowman* and *Mr. Thomas E. Torphy.*

For the respondent there was a brief by the *Attorney General, William A. Platz,* assistant attorney general, *William J. McCauley,* district attorney of Milwaukee county, *John S. Barry,* deputy district attorney, and *Benjamin J. Wiener,* assistant district attorney, and oral argument by *Mr. Barry* and *Mr. Platz.*

FAIRCHILD, J.   Relator contends here as is set forth in the petition for writ of *habeas corpus:* That, (1) his constitutional rights were invaded by the order clearing the courtroom of spectators during the preliminary examination, and (2) that there was not sufficient evidence to warrant holding him for trial, inasmuch as the testimony of I. was involuntary.

Sec. 7, art. I, Const., guarantees that: "In all criminal prosecutions the accused shall enjoy the right . . . to a speedy public trial by an impartial jury. . . ."   But this does not guarantee the public nature of proceedings that are not trials. It has repeatedly been held that preliminary examinations are not trials.   *State ex rel. Durner v. Huegin* (1901), 110 Wis. 189, 239, 85 N. W. 1046; *Thies v. State* (1922), 178 Wis. 98, 103, 104, 189 N. W. 539; *Scott v. State* (1929), 198 Wis. 192, 223 N. W. 450.   Furthermore, sec. 361.15, Stats. 1945, specifically provides that "On the preliminary examination of every person charged with the offense of rape . . . or other offense against chastity, morality or decency it shall be in the discretion of the magistrate to exclude . . . all bystanders and other persons not officers of the court or otherwise required to be in attendance."

In connection with the second contention of the relator, the circuit court properly emphasized that weight should be given to the finding of the magistrate that I.'s testimony was not involuntary, but that her hesitancy was because she was emotionally upset.

Assuming for the moment, however, that her testimony was involuntary and obtained by coercion, it did not result in a contravention of the constitutional rights of the appellant. No right of his was invaded by the court's request that she answer the questions asked her. In this case I. was not a party and she was not being compelled to be a witness against herself. The privilege is that of the witness; the objection must be taken by him on his oath after the question has been asked; and it cannot be raised by a party to the suit or by an attorney. In *State v. Van Winkle* (1890), 80 Iowa, 15, 20, 45 N. W. 388, the court said:

"The only reason for excluding this testimony is that the witness claimed his privilege. Had he waived his privilege, and testified, the defendant had no grounds for objecting. If his privilege was denied him wrongfully, the wrong was to the witness, and not to the defendant, and the testimony was admissible as to the defendant, though it might not thereafter be used against the witness."

If a witness makes the claim of privilege and it is improperly disallowed by the court, it is not reversible error. Jones, Commentaries on Evidence, p. 4940, sec. 2496; *Morgan v. Halberstadt* (2d Cir. 1894), 60 Fed. 592; *Taylor v. United States* (2d Cir. 1907), 152 Fed. 1. In *State ex rel. Hopkins v. Olin* (1868), 23 Wis. 309, the rule was stated less specifically and may be said to have held to the contrary, but the question was again before the court in *Ingalls v. State* (1880), 48 Wis. 647, 655, 4 N. W. 785, and it was said:

"The objection to the introduction of testimony charging the witness with an infamous crime is one which must be taken

by the witness himself, and not by the party for whom he is called. It is a personal privilege, and not a right of the party calling him."

Inasmuch as she was a minor, no proceedings for prosecution were to be brought against her. She was being asked to testify against someone else. Her case is not analogous to those presented in *Hoyer v. State* (1923), 180 Wis. 407, 193 N. W. 89, and *State v. Warfield* (1924), 184 Wis. 56, 198 N. W. 854, relied on by counsel for the relator. In those cases the constitutional rights of the defendants themselves were invaded by unlawful search and seizure and evidence thus obtained was used against them. Here the testimony, even if it were given under compulsion, as it appears it was not, is not being used to incriminate the one providing the testimony.

*By the Court.*—Order affirmed.