STATE EX REL. OFFERDAHL, Petitioner, v. STATE and another, Respondents.

*September 4—September 13, 1962.*

For the petitioner there was a brief and oral argument by *Jack McManus* of Madison.

For the respondents the cause was argued by *William A. Platz,* assistant attorney general, and *Donald R. McCallum,* deputy district attorney of Dane county, with whom on the

brief were *John W. Reynolds,* attorney general, and *William D. Byrne,* district attorney.

PER CURIAM. Relator submitted to the jurisdiction of the circuit court by making his motion to dismiss in that court. Having done so, he can no longer seek *habeas corpus* to test the sufficiency of the evidence at the preliminary examination. The order denying such motion is a non-appealable order. *State v. Leikness* (August Term, 1960, State No. 33, decided March 7, 1961), unreported.

The issue raised with respect to the failure to provide relator with separate counsel to represent him at the preliminary hearing is without merit. There is no constitutional right to be provided with counsel at a preliminary hearing arising under the United States constitution. *Odell v. Burke* (7th Cir. 1960), 281 Fed. (2d) 782, certiorari denied, 364 U. S. 875, 81 Sup. Ct. 119, 5 L. Ed. (2d) 96. Neither does such a right exist under sec. 7, art. I, Wis. Const., because a preliminary hearing is not a criminal prosecution within the meaning of this constitutional provision. *Hawk v. State* (1949), 151 Neb. 717, 39 N. W. (2d) 561, 567; cf. *State ex rel. Kennon v. Hanley* (1946), 249 Wis. 399, 401, 24 N. W. (2d) 683. Sec. 957.26, Stats., does not require that relator be provided with counsel prior to arraignment, absent any attempt to take depositions. However, while not constitutionally necessary, the practice of appointing counsel prior to the preliminary hearing is to be encouraged.

Therefore, it is ordered that leave to maintain the instant proceeding in this court by relator is denied.

WILKIE, J., took no part.