STATE EX REL. WELCH, Petitioner, v. WAUKESHA COUNTY CIRCUIT COURT and others, Respondents.

*Argued August 17, 1971.—Decided September 2, 1971.*
(Also reported in 189 N. W. 2d 417.)

For the petitioner there was a brief by *Hippenmeyer, Reilly & Arenz,* and *William F. Reilly* and *Donald S. Molter, Jr.,* all of Waukesha, and oral argument by *William F. Reilly.*

For the respondents the cause was argued by *Michael L. Zaleski,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

PER CURIAM. This petition raises the question of whether a person who has been indicted for a felony is entitled by the statutes of the state of Wisconsin to a preliminary hearing.

James E. Welch, coroner of Waukesha county was indicted on two counts of theft in violation of sec. 943.20 (1)(a), Stats., and one count of misconduct in public office in violation of sec. 946.12(2), by a Waukesha county grand jury. Welch was summoned and appeared

before the county court of Waukesha county for an initial appearance on July 22, 1971, at which time he moved for a preliminary examination. The motion was later denied and the case was transferred to the circuit court for arraignment and trial. Upon application to this court, an order to show cause was issued why a writ of prohibition should not issue restraining the circuit judge, assigned to hear the case, from holding the arraignment until a preliminary examination was had.

The petitioner contends the Wisconsin statutes provide complete and exclusive procedure for the prosecution of crimes [1] and all persons charged with a felony are entitled to a preliminary examination. This argument equates an indictment by a grand jury, with its *ex parte* procedure and its accusatorial nature, with a complaint for the arrest of an accused. Upon this analogy, it is urged a judicial determination, as is the function and purpose of a preliminary examination, should be had in all cases of felony and that the intent of the legislature is clear in sec. 970.02 (1) (c), Stats., [2] which makes it the duty of a judge at the initial appearance to inform the accused that he is entitled to a preliminary examination if charged with a felony excepting in three express instances: (1) Waiver, (2) the accused is a fugitive from justice and was returned to this state by extradition, and (3) the defendant is a corporation. Since an indictment is not expressly stated as one of

[1] "967.01 **Title and effective date.** Title XLVII may be cited as the criminal procedure code and shall be interpreted as a unit. This code shall govern all criminal proceedings and is effective on July 1, 1970. It applies in all prosecutions commenced on or after that date. Prosecutions commenced prior to July 1, 1970, shall be governed by the law existing prior thereto."

[2] "970.02 **Duty of a judge at the initial appearance.** (1) At the initial appearance the judge shall inform the defendant: . . .

"(c) That he is entitled to a preliminary examination if charged with a felony, unless waived, or unless he has been returned to this state by extradition proceedings pursuant to ch. 976 or is a corporation."

the exceptions, it is argued that when a criminal proceeding to prosecute a felony is commenced, whether by a complaint followed by an information or by an indictment, the accused is entitled to a preliminary hearing.

The state contends the common-law proceeding of indictment required no preliminary examination and the intention and language of the statutes made no change in this method of prosecution for a felony.

At the outset, we must observe what is commonly called the Criminal Code in this state is reasonably susceptible to both interpretations. At common law, an indictment was the usual method of accusing a person of a felony and trying him therefor. There was no intermediate step between the indictment and the trial. The accused was arrested upon the indictment and tried upon the indictment. The sufficiency of the indictment, its alleged weaknesses or procedural defects upon which it might be founded were hard to discover because of the secrecy surrounding the grand jury, and for most practical purposes such errors could not effectively be raised prior to trial. It was presumed the indictment was founded upon a sufficient legal basis although neither the common law nor our statute required or now requires the judge conducting the grand jury proceeding to instruct the jury upon the quality and quantity of proof necessary to support an indictment. Nor is the grand jury bound to follow the instructions of the judge —being the judge of the law as well as the facts, it is free to disregard the judge's instructions and consider them only advisory. *State v. Lawler* (1936), 221 Wis. 423, 267 N. W. 65.

In *Lawler*, the court in effect equated the burden of proof applicable to an indictment with that of probable cause at a preliminary examination for the purpose of binding over an accused for trial. The court stated, at page 435, "When a grand jury has before it evidence which is competent and credible which excites in its

mind after careful consideration an honest reasonable belief that the accused committed the offense charged, it is warranted in returning an indictment." In *Steensland v. Hoppmann* (1934), 213 Wis. 593, at 598, 599, 252 N. W. 146, it was said, ". . . the presumption of good faith in the discharge of duties by men taking the solemn oath of members of a grand jury is an element in the situation and accompanies so formal an accusation as an indictment and *prima facie* is sufficient to imply reasonable grounds for holding one so indicted for trial."

While probable cause may be easier to find in an *ex parte* accusatorial proceeding in some cases than at a judicial preliminary examination, nevertheless, the Constitution of the United States has not required a preliminary examination to pretest the prosecution's evidence or to serve as an adverse examination.[3] The problem confronting this court is not a constitutional one but a question of statutory construction.

In spite of the meritorious argument of the petitioner, we are not convinced our present statutes were intended to provide a preliminary examination to an accused in cases where he is charged by an indictment of a felony. Nowhere in the statutes relating to a preliminary examination is the word "indictment" used. By secs. 967.05 (3) and 971.05 (3), Stats., the defendant is tried on the indictment and at the arraignment he is to be given a copy of the indictment. These sections contemplate there is no preliminary examination. While one could still be tried on an indictment after a preliminary, it would be difficult to hold a preliminary if the defendant is to first receive a copy of it, as he does an information, upon the arraignment.

Between the argument the accused should have a preliminary examination in every case where he is charged with a felony because such examination is not expressly

---

[3] *Johns v. State* (1961), 14 Wis. 2d 119, 109 N. W. 490; *Whitty v. State* (1967), 34 Wis. 2d 278, 149 N. W. 2d 557.

excluded in the statutes in case of an indictment and the argument that a preliminary examination is not required unless expressly provided by the statutes, we take the view the statutes do not provide for a preliminary examination when the accused has been proceeded against by way of an indictment. This view requires us to hold that sec. 970.02 (1) (c), Stats., requiring a judge at the initial appearance to advise one accused of a felony that he is entitled to a preliminary examination, does not apply when the accused has been indicted. We do not consider that sec. 970.03 of the 1969 statutes relating to preliminary examination is materially different than sec. 955.18 of the 1967 statutes. While sec. 955.18 refers in its title to a preliminary examination as a prerequisite to an information and the title of sec. 970.03 makes no reference to an information, this is of no significance. There is nothing in the body of sec. 970.03 which indicates it should apply to an indictment as well as an information.

It is argued by the state that an indictment takes the place of a preliminary examination. While this may be true as far as the burden of proof is concerned, the analogy stops there. The function of a preliminary examination is to provide an expeditious and early means "to protect the accused from hasty, improvident, or malicious prosecution and to discover whether there is a substantial basis for bringing the prosecution and further denying his right to liberty." *See Johns v. State, supra,* at page 122. This purpose could well apply to all accusations of the commission of a felony but there seems to be no constitutional reason for so requiring.

This problem has been decided in various ways in other jurisdictions. In *Webb v. Commonwealth* (1963), 204 Va. 24, 129 S. E. 2d 22, the statute required that every man who was arrested on the charge of felony was entitled to a preliminary and that no indictment should

be returned against such person prior to such hearing. The defendant was arrested, asked for a preliminary, the arrest warrant was dismissed, and the defendant later indicted. The court held the statute inapplicable because the warrant had been dismissed prior to the indictment. That court stated that since 1888 in Virginia a preliminary examination of one accused of committing a felony was not necessary when an indictment had been found against him by a grand jury. Prior to that date the statutes of Virginia required that an accused when indicted for a felony have a preliminary examination.

In *State ex rel. Haynes v. Powers* (1969), 20 Ohio St. 2d 46, 254 N. E. 2d 19, the statute required a preliminary examination upon a charge of a felony within ten days. The appellant was arrested and charged but was not given a preliminary examination within ten days. However, while waiting for the preliminary he was indicted by a grand jury and the original proceedings were terminated without holding the preliminary examination. The court, in holding that a defendant was entitled to be discharged for not being given a preliminary, stated that nothing in the opinion should be construed as a departure from previous holdings that there was no constitutional right to a preliminary hearing and that when an indictment is returned by a grand jury a hearing required by the statute was no longer necessary. Likewise, in *State v. Mitchell* (1968), 282 Minn. 113, 163 N. W. 2d 310, the court stated that when an accusation is by indictment a preliminary hearing is not required. *See also: State v. Jackson* (1964), 43 N. J. 148, 203 Atl. 2d 1, 11 A. L. R. 3d 841; *Dillard v. Bomar* (6th Cir. 1965), 342 Fed. 2d 789; *Barber v. United States* (4th Cir. 1944), 142 Fed. 2d 805. To the contrary, *see Blue v. United States* (1965), 119 App. Dist. D. C. 315, 342 Fed. 2d 894.

It would seem, therefore, that whether a person arrested upon an indictment is entitled to a preliminary hearing depends upon whether the particular state has granted such extra precautionary safeguard to the defendant by its statutes. We think Wisconsin has not yet done so.

The petition for a writ of prohibition is denied.