STATE, Respondent, v. LEHTOLA, Appellant.

*No. State 218. Submitted June 8, 1972.—Decided June 30, 1972.*
(Also reported in 198 N. W. 2d 354.)

For the appellant the cause was submitted on the brief of *Arnold Victor Lehtola* of Leavenworth, Kansas, pro se, and for the respondent on the brief of *Robert W. Warren*, attorney general, and *Robert D. Martinson*, assistant attorney general.

HALLOWS, C. J. Lehtola raises six questions in his brief; but eliminating the duplication of phraseology, he has two basic contentions. First, it was error to charge him by information and not by indictment of grand jury. He recognizes the federal and state courts have held a state may proceed to prosecute a person by information and not by indictment of a grand jury as provided in the fifth amendment to the United States Constitution. But he argues by so holding the courts have created a "systematic exclusion of dissidents from participating in the federal and state elective processes" and "specifically, the courts have become political tools of an elite which is steadily moving towards a Police State government without checks and balances." In his

second contention, Lehtola claims that under the information system the district attorney is authorized to perform the function of the judicial body of commencing prosecution and therefore the prosecution is inherently infirm under the checks and balances system of a Republican form of government.

Since 1871, Wisconsin has used an information to charge a defendant in a criminal action rather than the grand jury indictment. In the early case of *Rowan v. State* (1872), 30 Wis. 129, 149, this court held the fifth amendment, which provides that no person should be held to answer for a criminal offense unless on presentment or indictment of a grand jury, was not by way of the fourteenth amendment applicable to the states and therefore did not limit the power of a state to proceed by information rather than by indictment.[1] This same conclusion was reached by the United States Supreme Court in *Hurtado v. California* (1884), 110 U. S. 516, 4 Sup. Ct. 111, 28 L. Ed. 232. Both the Wisconsin case and the United States Supreme Court case have been followed to the present time. As late as 1964, the United States Supreme Court reaffirmed its position in *Malloy v. Hogan,* 378 U. S. 1, 4, n. 2, 84 Sup. Ct. 1489, 12 L. Ed. 2d 653;[2] and as late as 1965, this court reaffirmed its position in *Goyer v. State* (1965), 26 Wis. 2d 244, 246, 131 N. W. 2d 888. In both the majority and the concurring opinion in *Goyer,* the reason why "due process" does not require

---

[1] Prior to *Rowan* and at the time Wisconsin ratified the fourteenth amendment, the state constitution, art. I, sec. 8, provided for an indictment by a grand jury. But our constitution was amended in 1870 by deleting the requirement and substituting "due process." By ch. 137, Laws of 1871, an information was required for all crimes. *See* C. Fairman, *Does the Fourteenth Amendment Incorporate the Bill of Rights?* 2 Stan. L. Rev. (1949), 5, 108.

[2] *See also: Morford v. Hocker* (9th Cir. 1968), 394 Fed. 2d 169, 170, for other cases reaffirming *Hurtado.*

an indictment by the state is adequately explained and there is no need to replow that field.

The claim of Lehtola that the United States Supreme Court, the federal courts, and this court "have deliberately evaded application of the Grand Jury Indictment Clause to the States solely to create a systematic exclusion of dissidents from participating in the federal and state elective processes" is on its face a baseless charge and has no merit. Moreover, service on the grand jury is not a part of the elective process. The argument the courts of this county "have become political tools of an elite which is steadily moving towards a Police State government" is likewise without merit, not grounded on any facts in the record, and contrary to common knowledge of most Americans.

We find no merit in the argument the district attorney as an officer of the executive branch in issuing an information upon which a person may be tried for a crime is performing a judicial function. It is quite true a grand jury is part of the judicial process and a means by which citizens can take direct part in their government; but it does not necessarily follow the jury is performing a judicial function in a constitutional sense.

In this state the information upon which a person may be tried for a felony is not the complete alternative of the grand jury. To commence a criminal action, there must be a verified complaint. The defendant cannot usually be arrested upon the complaint until a warrant is issued upon probable cause by an impartial magistrate. The defendant is then entitled to a preliminary hearing to determine whether there is probable cause a crime has been committed and the accused is the person who committed it. The preliminary hearing is more analogous to the grand jury procedure than is the filing of the information. *See State ex rel. Welch v. Waukesha County Circuit Court* (1971), 52 Wis. 2d 221, 226, 189 N. W. 2d 417. Only after the defendant

is bound over to stand trial does the district attorney file an information to which the defendant must plea.

In *State ex rel. Kurkierewicz v. Cannon* (1969), 42 Wis. 2d 368, 166 N. W. 2d 255, in recognizing the discretionary power of a district attorney to call a coroner's inquest, we cited *State v. Coubal* (1946), 248 Wis. 247, 21 N. W. 2d 381, in which it was stated that a district attorney is a quasi-judicial officer in the sense that it is his duty to administer justice rather than to obtain convictions.

Some mixing of powers is permissible and the field of administrative law is also an example. *See Highland Farms Dairy v. Agnew* (1937), 300 U. S. 608, 57 Sup. Ct. 549, 81 L. Ed. 835. Unless a power transferred from one branch of the government to another branch is substantial or its retention essential to the "separation of power" doctrine, there is no violation of art. IV, sec. 4, of the constitution which provides the United States shall "guarantee to every state in this union a Republican form of government."

*By the Court.*—Order affirmed.