STATE EX REL. NEWSPAPERS, INC., and another, Petitioners, v. CIRCUIT COURT FOR MILWAUKEE COUNTY, Respondent.

*No. State 78. Submitted under sec. (Rule) 251.54 September 10, 1974.—Decided October 1, 1974.*
(Also reported in 221 N. W. 2d 894.)

The cause was submitted for the petitioner on the briefs of *James P. Brody, Robert A. Christensen, Thomas L. Shriner, Jr.,* and *Foley & Lardner,* all of Milwaukee, and for the respondent on the brief of *Robert W. Warren,* attorney general, and *James H. McDermott,* assistant attorney general.

DAY, J. We conclude that pursuant to sec. 256.14, Stats.,[2] an order by a judge to compel a witness in a John Doe proceeding to testify or produce books, papers or documents, after refusal to testify or produce such evidence on the ground of self-incrimination, must be done in open court. We also conclude that Mary Zahn has standing under sec. 256.14 to raise the issue as a citizen and member of the public.

[2] "256.14 Sittings, public. The sittings of every court shall be public and every citizen may freely attend the same, except when otherwise expressly provided by law on the examination of persons charged with crime; provided, that when in any court a cause of a scandalous or obscene nature is on trial the presiding judge or justice may, in his discretion, exclude from the room where the court is sitting all minors not necessarily present as parties or witnesses."

Three times in the past twelve years this court has had occasion to pass on the nature of immunity hearings in John Doe proceedings. *State ex rel. Jackson v. Coffey* (1963), 18 Wis. 2d 529, 118 N. W. 2d 939; *State ex rel. Niedziejko v. Coffey* (1964), 22 Wis. 2d 392, 126 N. W. 2d 96, 127 N. W. 2d 14; *State ex rel. Rizzo v. County Court* (1966), 32 Wis. 2d 642, 146 N. W. 2d 499, 148 N. W. 2d 86. In *Jackson,* this court held the order to testify given to a witness in a John Doe proceeding who has refused to testify on the ground his testimony may tend to incriminate him or subject him to penalty or forfeiture must be given by order of a court on motion of the district attorney, rather than by a judge sitting as a magistrate, citing the immunity statute, sec. 325.34, now numbered 972.08, amended in 1969 to specifically include the John Doe statute, sec. 968.26.[3]

The John Doe statute was amended in 1969 to require that the proceedings be conducted by a judge, meaning

---

[3] "968.26 **John Doe proceeding.** If a person complains to a judge that he has reason to believe that a crime has been committed within his jurisdiction, the judge shall examine the complainant under oath and any witnesses produced by him and may, and at the request of the district attorney shall, subpoena and examine other witnesses to ascertain whether a crime has been committed and by whom committed. The extent to which the judge may proceed in such examination is within his discretion. The examination may be adjourned and may be secret. Any witness examined under this section may have counsel present at the examination but such counsel shall not be allowed to examine his client, cross-examine other witnesses or argue before the judge. If it appears probable from the testimony given that a crime has been committed and who committed it, the complaint shall be reduced to writing and signed and verified; and thereupon a warrant shall issue for the arrest of the accused. Subject to s. 971.23, the record of such proceeding and the testimony taken shall not be open to inspection by anyone except the district attorney unless it is used by the prosecution at the preliminary hearing or the trial of the accused and then only to the extent that it is so used."

a judge of a court of record, rather than a magistrate. In the *Jackson Case,* the John Doe proceeding was actually presided over by a judge of a court of record. This court, however, drew a distinction between a judge and a court, pointing out that certain procedural formalities are woven into action by a court, "and these tend to insure the considered and responsible exercise of an important power. . . ." *Jackson* at 536. The court held that the sitting of the court for the purpose of compelling testimony need not be public but only to the extent permitted by sec. 256.14, Stats., which permits exclusion of minors in scandalous or obscene matters. The court pointed out that in a court the judge is attended by court officials, the parties and counsel, while the court is in session, that minutes are to be kept by the clerk and that final orders are to be recorded. This is in accord with the generally recognized fact that a judge is only part of a court (*see* 20 Am. Jur. 2d, *Courts,* p. 388, sec. 3, and cases there cited). Thus in *Jackson* the court recognized immunity hearings are governed by sec. 256.14.

In *State ex rel. Niedziejko v. Coffey* (1964), 22 Wis. 2d 392, 400, 126 N. W. 2d 96, 127 N. W. 2d 14, this court said with respect to the granting of immunity in John Doe proceedings, "Hearings to grant immunity must be public and in open court except as provided in sec. 256.14," citing *Jackson.*

In *State ex rel. Rizzo v. County Court* (1966), 32 Wis. 2d 642, 648, 146 N. W. 2d 499, 148 N. W. 2d 86, this court held that a witness could only receive immunity if compelled to testify by order of the court on motion of the district attorney and pointed out that an order of the court in such case under the immunity statute means "an order issued from an open court sitting as such."

The legislature has not seen fit to amend any of these cited statutes to provide that immunity hearings in a

John Doe proceeding may be secret. In view of this court's repeated interpretation of the cited statutes, it is clear the public policy expressed in the cited statutes is, that though secrecy is desirable in a John Doe proceeding investigating crime, secrecy is not permissible when one of the witnesses may be granted immunity from prosecution entirely because of a refusal to testify on the ground of self-incrimination. It is clear the policy is that the public ought to know who is given immunity from prosecution.

The threat to the reputations of innocent persons in an immunity hearing need not occur. Newspapers, Inc., and Zahn point out in their brief that the court can order the procedure "to omit reference to names and other identifying characteristics while in the immunity proceeding. It is, of course, the witness, not third-parties' involvement that the public is concerned with in an immunity proceeding." We agree.

In 1969, sec. 972.08, Stats., was amended to require that John Doe proceedings be conducted before a judge of a court of record rather than a magistrate. With this change, the judge hearing secret John Doe testimony is the same judge before whom the district attorney would make the motion to compel testimony or production of records.

The questions would be asked in the John Doe, the refusal to answer by the witness claiming the constitutional privilege against self-incrimination would take place in the John Doe; the motion of the district attorney to compel the witness to testify would be made in the John Doe hearing. The ruling on the district attorney's motion must be made in open court under sec. 256.14, Stats.

To preserve the integrity of the John Doe hearing, the details of the district attorney's motion as to the questions the witness should be compelled to answer should not be recited by the judge in open court. The judge

need only state that the district attorney made a motion to compel testimony (or production of records) by the named witness and that the motion is granted or denied. The judge would then order the courtroom cleared and proceed with the John Doe.

Sec. 256.14, Stats., says, "The sittings of every court shall be public and every citizen may freely attend the same . . . ." We have no trouble construing those words; their meaning is clear. It means any citizen has the right to attend immunity hearings arising out of a John Doe proceeding. Where such right of attendance is denied, any citizen, including the petitioner Zahn in this case, has a right to bring an action to enforce the right which the statute so clearly gives.

Counsel for circuit court urges that we should interpret sec. 256.14, Stats., in accordance with the majority opinion in *Matter of United Press Assos. v. Valente* (1954), 308 N. Y. 71, 123 N. E. 2d 777, construing a New York public-trial statute. The New York statute has many more exemptions than sec. 256.14. In addition, we have repeatedly construed our own statute and the law is settled in this jurisdiction.

Counsel for the circuit court urged that the change in the John Doe statute in 1969 substituting the word "judge" for "magistrate" means that a judge can hold immunity hearings secretly in the John Doe hearing itself without holding an open hearing as described in *Jackson, Niedziejko,* and *Rizzo.* In support of his position, counsel for the circuit court directs our attention to the Note in 1969 contained in ch. 255 at the time of the renumbering of the immunity statute from sec. 885.34 to sec. 972.08.[4] We do not agree. In each of those cases

---

[4] "NOTE: This is present s. 885.34 with language changes to conform to the terminology of this bill. It should be further noted that the cumbersome procedure for granting immunity at John Doe proceedings or preliminary examinations mandated by *State*

the judge conducting the John Doe was a judge of a court of record and it was held that immunity hearings must be conducted in open court.

*By the Court.*—Writ of prohibition absolute granted; the circuit court can further proceed in the action in a manner not inconsistent with the opinion.

*ex rel. Jackson v. Coffey*, 18 Wis. 2d 529, will no longer be necessary since these proceedings now will be conducted by judges who will have authority to grant immunity in those proceedings. The convening of a separate proceeding for such purpose will no longer be necessary."