STATE of Wisconsin, Plaintiff-Respondent-Cross Petitioner,

v.

Richard L. WEBB, Defendant-Appellant-Petitioner.

Supreme Court

*No. 89-0593-CR. Filed May 10, 1991.*

(Also reported in 468 N.W.2d 694.)

PER CURIAM. On the same date as publication of *State v. Webb,* 160 Wis. 2d 622, 467 N.W.2d 108 (1991), the United States Supreme Court issued its decision in *Arizona v. Fulminante,* — U.S. —, 111 S Ct 1246 (1991). The *Fulminante* decision has no effect on our decision in *Webb.* In fact, it is not relevant to the *Webb* decision.

*Fulminante* involved the issue as to the use in *trial* for murder of a confession received in evidence that was found to be obtained in violation of the United States Constitution. The principal issue was whether the harmless error rule applied as decided in *Chapman v. California,* 386 U.S. 18 (1967).

*Fulminante* dealt with the use of a coerced confession at *trial.* The issue in *Webb* was a partially closed preliminary examination which is a statutory right similar in purpose to a grand jury proceeding. Nothing from the preliminary examination which was illegal or unconstitutional was used at trial in the *Webb* case. In *Webb* it was conceded the defendant had a fair trial.

In *Fulminante,* the United States Supreme Court cited *Waller v. Georgia,* 467 U.S. 39, 49 (1984), which we considered in our *Webb* decision. The United States Supreme Court stated the rule in *Waller* as recognizing "that violation of the guarantee of a public *trial* required reversal without any showing of prejudice and even though the values of a public trial may be intangible and unprovable in any particular case." *Fulminante,* 111 S Ct at 1257. (Emphasis added.)

*Waller* dealt with a closure of a suppression hearing. The hearing was conducted prior to the presentation of evidence to the jury. Upon denial of the suppression hearing, the evidence was given to the jury. As the Court recognized, "suppression hearings often are as important as the trial itself." *Waller,* 467 U.S. at 46. Obviously, the

601

evidence allowed through the closed hearing may be the type necessary for conviction. The court stated, "a suppression hearing often resembles a bench trial . . .. The need for an open proceeding may be particularly strong with respect to suppression hearings." *Id.* at 47.

*Webb* involved the statutory preliminary examination where only probable cause had to be found to bind the defendant over for the fair and error-free trial he received. The defendant did not claim that the alleged error of the preliminary hearing had any impact on the trial itself which was errorless.

The only persons definitely excluded from the *Webb* preliminary examination were defendant's mother and niece out of concern that the victim-witness not be intimidated. The record does not show that the hearing was otherwise closed to the public. The record does not show a total closure to the public which was the fear in *Waller.* There was no closure at trial as in *Waller.*

Footnote 6 of *Webb* was not a holding and should not be interpreted to mean we found the error harmless since we stated we did not consider the issue because that was not necessary.

*By the Court.*—The motion for reconsideration is denied.


SHIRLEY S. ABRAHAMSON, J. (dissenting). I would grant the motion to reconsider. I conclude that the opinion must be modified.

I agree with the defendant that this court's opinion and decision conflict with *Waller v. Georgia,* 467 U.S. 39 (1984), and *Arizona v. Fulminante,* — U.S. —,111 S Ct 1246 (1991). The court's addition to the opinion on the motion to reconsider does not address the problem the defendant raises.

*Waller* held that the improper closure of a pre-trial suppression hearing violated the sixth amendment and that this error is not subject to a harmless error analysis or cured by a conviction after an error-free trial. The defendant's federal constitutional rights to a public hearing apply to a preliminary hearing. *Stevens v. Manitowoc Cir. Ct.*, 141 Wis. 2d 239, 248–49, 414 N.W.2d 832 (1987). In *Fulminante* the United States Supreme Court cited *Waller* as standing for the rule that the right to a public trial is not subject to the harmless error rule.

For these reasons, I conclude that an improper closing of a preliminary hearing cannot constitute harmless federal constitutional error.[1]

Because I conclude that the opinion of the court has denied the defendant his right of appeal guaranteed by art. I, sec. 21(1), of the Wisconsin Constitution,[2] and his

---

[1]The majority opinion, *State v. Webb,* 160 Wis. 2d at 628, concluded that it "did not decide the question whether there was error at the preliminary hearing . . . because [it] hold[s] that a conviction resulting from a fair and errorless trial in effect cures any error at the preliminary hearing." The majority opinion further stated at 630, note 6, that its "holding is tantamount to a finding of harmless error . . .. Although we do not consider the issue directly, it is clear that any error at the preliminary hearing in the case at bar could be regarded as harmless error."

[2]"As a matter of Wisconsin constitutional law, the right to an appeal is absolute: 'Writs of error shall never be prohibited, and shall be issued by such courts as the legislature designates by law.' Wisconsin Const., art. I, sec. 21(1). Since the reorganization of the Wisconsin court system in 1977, the court so designated is the court of appeals which has initial appellate jurisdiction as set forth in Wis. Const., art VII, sec. 5(3). The legislature has specifically stated, 'A writ of error may be sought in the court of appeals.' Section 808.02, Stats. Thus, the right of appeal to the court of appeals is constitutionally guaranteed in the State of

sixth amendment constitutional rights, I would modify the opinion.

I am authorized to state that Chief Justice Nathan S. Heffernan and Justice William A. Bablitch join this dissent.

Wisconsin." *State v. Perry,* 136 Wis. 2d 92, 98, 401 N.W.2d 748 (1987).