### In re GRAND JURY PROCEEDINGS (two cases).

### Appeal of Diane Alexandra RAPER (two cases).
### Nos. 73-2245, 73-2246.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 8, 1974.

Decided Jan. 10, 1974.

---

5. 112 Cong.Rec. 19648 (1966).

6. *Id.*

7. S.Rep.No. 1301, 89th Cong.2d Sess. 6 (1966).

8. *Id.*

11. *Id.*

William F. Dow, III, Washington, D. C., for appellant.

Steven R. Schaars, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry and John F. Rudy, II, Asst. U. S. Attys., were on the brief, for appellee.

Before ROBINSON, MacKINNON and ROBB, Circuit Judges.

## PER CURIAM:

The appellant is a sixteen-year old girl. On November 2, 1973 she appeared as a witness before a grand jury in the District of Columbia. The record indicates that the grand jury was investigating the interstate transportation of certain females for the purpose of prostitution. Asserting her Fifth Amend-ment privilege against self-incrimination the appellant declined to answer any questions. She was directed by the grand jury foreman to reappear on November 21, 1973. She did not appear as directed. On November 29 she was subpoenaed to appear before the grand jury on December 4.

On December 4 the government moved before Chief Judge Sirica of the District Court for an order pursuant to 18 U.S.C. § 6001 et seq. to compel appellant to testify or provide other information to the grand jury, which she had refused to do when she invoked her privilege against self-incrimination. The court granted the motion and ordered appellant to "give testimony or provide other information which she refuses to give or provide on the basis of her privilege against self-incrimination as to all matters about which she may be interrogated before grand jury [sic]." The effect of this order was to give the witness immunity under 18 U.S.C. § 6002 if, after invoking her privilege, she testified before the grand jury.

Later on December 4 the appellant again appeared before the grand jury and again refused to answer any and all questions. Thereafter on the same day a hearing was held before District Judge Jones to determine whether appellant would be held in civil contempt for her refusal to testify. The court found her in civil contempt [1] and, pursuant to 28 U.S.C. § 1826, committed her for the life of the grand jury, but not to exceed eighteen months, or until she purged herself of contempt and testified as to all matters about which she might be interrogated before the grand jury.[2] This

---

1. *See* Shillitani v. United States, 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966).

2. Originally the court committed the appellant "to the custody of the D.C.Department of Corrections, Youth Division, the U. S. Marshal in and for the District of Columbia, and the Attorney General of the United States or his authorized representative". Thereafter the court amended its order to provide as follows:

    "Upon consideration of the fact that Diane Alexandra Raper is a juvenile and that no facility within the District of Columbia is available and proper for her commitment, it is this 12th day of December, 1973,

    "ORDERED, that Diane Alexandra Raper, presently incarcerated at the Women's Detention Center, 1010 North Capitol Street, N.W., Washington, D.C., be transmitted FORTHWITH to the custody of the Attorney General or his authorized representative, Kennedy Youth Center, Morgantown, West Virginia, for the life of

appeal was filed on December 13, 1973.[3] Briefs were filed January 4 and 7, 1974, and argument was heard January 8.

The statute (18 U.S.C. § 6002) provides in part:

Whenever a witness refuses, on the basis of his privilege against self-incrimination, to testify or provide other information in a proceeding before or ancillary to—

(1) a court or grand jury of the United States,

*  *  *  *  *  *

. . . and the person presiding over the proceeding communicates to the witness an order issued under this part, the witness may not refuse to comply with the order on the basis of his privilege against self-incrimination; but no testimony or other information compelled under the order (or any information directly or indirectly derived from such testimony or other information) may be used against the witness *in any criminal case,* except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order. [Emphasis added.]

The appellant argues that as a juvenile she is subject to proceedings in the juvenile court alleging that she is a delinquent child or a child in need of supervision; and this being true she says the statutory privilege "is not coextensive with the scope of her [constitutional] privilege against self-incrimination because it does not extend to juvenile proceedings which are noncriminal." She points to the language of the statute granting immunity against the use *"in any criminal case"* of the testimony of a witness claiming the privilege; and on the premise that a juvenile court proceeding is not a "criminal case" she concludes that the judgment of contempt must be vacated.

The underpinning of the appellant's argument has been rejected by the Supreme Court. Thus in In re Gault, 387 U.S. 1, 49–50, 87 S.Ct. 1428, 1455, 18 L. Ed.2d 527 (1967), the Court said:

Against the application to juveniles of the right to silence, it is argued that juvenile proceedings are "civil" and not "criminal," and therefore the privilege should not apply. It is true that the statement of the privilege in the Fifth Amendment, which is applicable to the States by reason of the Fourteenth Amendment, is that no person "shall be compelled in any *criminal case* to be a witness against himself." However, it is also clear that the availability of the privilege does not turn upon the type of proceeding in which its protection is invoked, but upon the nature of the statement or admission and the exposure which it invites. The privilege may, for example, be claimed in a civil or administrative proceeding, if the statement is or may be inculpatory.

It would be entirely unrealistic to carve out of the Fifth Amendment all statements by juveniles on the ground that these cannot lead to "criminal" involvement. In the first place, juvenile proceedings to determine "delinquency," which may lead to commitment to a state institution, must be regarded as "criminal" for purposes of the privilege against self-incrimination. To hold otherwise would be to disregard substance because of the feeble enticement of the "civil" label-of-convenience which has been attached to juvenile proceedings. [Footnote omitted.]

the December No. 1 1973 Grand Jury, sworn in on December 3, 1973, or unless and until she complies with the Order of the Court and purges herself of contempt committed on December 4, 1973, provided, however, that in no event shall she remain in custody for a period which exceeds 18 months from December 4, 1973."

3. 28 U.S.C. § 1826(b) provides in part: "Any appeal from an order of confinement under this section shall be disposed of as soon as practicable, but not later than thirty days from the filing of such appeal."

■ We note that the language of the statute—"in any criminal case"—tracks the language of the Fifth Amendment. Since the protection of the Fifth Amendment extends to proceedings in the juvenile court we think the immunity granted by the identical language in the statute also extends to such proceedings and we so hold. In other words, the protection of the statute and that of the Fifth Amendment are coextensive, and no testimony or other information compelled under the District Court's order, or any information directly or indirectly derived from such testimony or other information, may be used against the appellant in the juvenile court— with, of course, the exceptions specified in section 6002.[4]

■ The appellant argues that as "a minor who is treated differently than an adult in other aspects of civil law, [she] cannot properly be held in civil contempt of court by procedures identical to those afforded an adult." In short, she says she is immune to civil contempt proceedings. She cites no authority for this proposition and we know of none, and we cannot believe that any statute, or anything in the "civil law", makes the District Court powerless to enforce its order simply because the appellant is a minor.

We emphasize that the proceeding in which the appellant was committed was civil in nature, designed solely to bring about compliance with the court's order. Shillitani v. United States, 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966). The appellant may at any time terminate her incarceration by complying with the order; her situation thus is less onerous than might be the case if she were in the juvenile court. Moreover, she has had all the rights of due

process, including notice of charges, opportunity to meet them, assistance of counsel, and the right to give testimony. Cooke v. United States, 267 U.S. 517, 537, 45 S.Ct. 390, 69 L.Ed. 767 (1926). Finally, the District Court, in recognition of her age, has ordered her committed not to the District of Columbia Women's Detention Center, but to the Kennedy Youth Center.

The judgment of the District Court is Affirmed.

---

4. *Cf.* H.R.Rep.No.91–1549, 91st Cong., 2d Sess. 42 (1970), U.S.Code Cong. & Admin. News p. 4017: "This statutory immunity is intended to be as broad as, but no broader than, the privilege against self-incrimination (See Senate hearings at p. 326.)"

*Cf. also*, Kastigar v. United States, 406 U.S. 441, 462, 92 S.Ct. 1653, 1666, 32 L.Ed.2d

212 (1972): "We conclude that the immunity provided by 18 U.S.C. § 6002 leaves the witness and the prosecutorial authorities in substantially the same position as if the witness had claimed the Fifth Amendment privilege. The immunity therefore is coextensive with the privilege and suffices to supplant it."