90 Wis.2d 613 (1979)
280 N.W.2d 356
STATE, Plaintiff-Respondent,
v.
J. H. S., Defendant-Appellant.
No. 78-217.
Court of Appeals of Wisconsin.
Submitted on briefs April 10, 1979.
Decided May 31, 1979.
*615 For the defendant-appellant the cause was submitted on the briefs of Donald J. Jacquart of Milwaukee, Wisconsin.
For the plaintiff-respondent the cause was submitted on the briefs of Lindsey D. Draper, assistant district attorney, with whom on the brief was E. Michael McCann, district attorney.
Before Decker, C.J., Cannon, P.J., and Moser, J.
DECKER, C.J.
The juvenile appellant admitted two counts (burglary and attempted burglary) alleged in a petition to adjudicate him delinquent. The trial court found that the charges were established, found the juvenile delinquent and committed him to the custody of the State Department of Health and Social Services, Division of Corrections Reception Center, State School for Boys at Wales, Wisconsin. During the dispositional phase of the proceeding the trial court was made aware by a juvenile probation officer that the juvenile had previously testified at a preliminary hearing in a criminal case, after a grant of immunity by the court, that he was "implicated" in a murder. In committing the juvenile to the custody of the State Department of Health and Social Services, Division of Corrections, the trial court relied upon the information obtained from the immunized testimony.
Counsel for the juvenile objected to the dispositional use by the trial court of the immunized information but was overruled. Appeal was taken to the circuit court upon the ground of the improper use of the information. The disposition was affirmed by order of the circuit court. Appeal was taken to the supreme court and subsequently the matter was transferred to this court.
The issue presented is: Can the immunized testimony be used and relied upon by the trial court in the dispositional *616 phase of the juvenile delinquency proceeding? We hold that it cannot.
[1]
Immunity is granted pursuant to sec. 972.08, Stats., as the quid pro quo for invading the privilege against self-incrimination extended by the Constitutions of the United States and state of Wisconsin.[1] The statute in part provides: "No person who testifies . . . in obedience to the command of the court in such case shall be liable to any forfeiture or penalty for or on account of any transaction, matter or thing concerning which he may so testify . . . .[2]
[2]
Immunity statutes are construed to be coextensive with the constitutional privilege which is invaded.[3]
Such statutes may not stop short, but in this state have been held not to go beyond the constitutional right involved. They are not amnesty nor forgiveness-in-advance statutes. Rather they are based on a quid pro quo principle, an exchange of information that a prosecutor could not otherwise obtain for immunity from prosecution for the crimes to which the testimony of the witness relates. [Footnotes omitted.] [Emphasis supplied.][4]
Limiting the proscription on use of the compelled testimony to criminal prosecution for related crimes was premised upon State ex rel. Rizzo v. County Court of Kenosha Co. Branch II,[5] which antedated the decision *617 in Kastigar v. United States, 406 U.S. 441 (1972). After Kastigar, the Wisconsin Supreme Court noted that the proscription was broader. Matter of Grant, 83 Wis.2d 77, 85, 264 N.W.2d 587, 590 (1978).
[3, 4]
In Kastigar the United States Supreme Court established the modern requirement against direct or derivative use of immunized testimony:
[I]mmunity from use and derivative use is coextensive with the scope of the privilege against self-incrimination, and therefore is sufficient to compel testimony over a claim of the privilege . . . . It prohibits the prosecutorial authorities from using the compelled testimony in any respect, and it therefore insures that the testimony cannot lead to the infliction of criminal penalties on the witness. [Footnotes omitted.] [Emphasis in original.][6]
In Counselman v. Hitchcock, 142 U.S. 547 (1892) the court held that an immunity statute must afford transactional immunity if testimony is to be compelled. Transactional immunity affords the witness different immunity from the fifth amendment privilege as interpreted in Kastigar by extending the immunity to prohibit prosecution for crimes to which the compelled testimony relates. Use and derivative use immunity permits prosecution for the crimes if the prosecuting agency does not offer the immunized testimony and establishes that the evidence offered is not derived from the immunized testimony.
[5]
In Kastigar the court stated: "We hold that such immunity from use and derivative use is coextensive with the scope of the privilege against self-incrimination and therefore is sufficient to compel testimony over a claim of the privilege." 406 U.S. at 453. Additionally, Kastigar reaffirmed Brown v. Walker, 161 U.S. 591 (1896), and *618 Ullmann v. United States, 350 U.S. 422 (1956) and continued the restricted use of the testimony to the imposition of criminal penalties.
[6, 7]
The juvenile in this case was deprived of his liberty by the transfer of his custody to the State Department of Health and Social Services, Division of Corrections. Although the proceeding is non-criminal, the loss of liberty, for constitutional purposes, is synonymous with a criminal penalty for immunity purposes just as it is for purposes of the criminal standard of proof. In Re Gault, 387 U.S. 1, 49-50 (1967); In Re Winship, 397 U.S. 358, 367 (1970); Layton School of Art & Design v. Wisconsin Employment Relations Commission, 82 Wis. 2d 324, 361, 262 N.W.2d 218, 236 (1978). "`[L]iberty under supervision' as used in sec. 48.51(2) of the Children's Code is synonymous with `parole' as used in the criminal law." State ex rel. Bernal v. Hershman, 54 Wis. 2d 626, 630, 196 N.W.2d 721, 723 (1972).
[8]
Relying upon the specific language of In Re Gault, supra, the Court of Appeals for the District of Columbia held that immunity for compelled testimony contrary to the fifth amendment privilege extended to a juvenile court proceeding. In Re Grand Jury Proceedings, 491 F.2d 42 (1974). The 7th Circuit Court of Appeals has stated:[7] "The State of Wisconsin is required to give appellant the same protection as that provided for federal prosecutions under § 6002. Murphy v. Waterfront Commn., 378 U.S. 52, 84 S. Ct. 1594, 12 L. Ed.2d 678 (1964)."
[9]
The constitutionally impermissible derivative use and reliance upon the immunized testimony taints the dispositional *619 phase of the juvenile delinquency proceedings.[8] We reverse the judgment of the circuit court and vacate the trial court order committing the juvenile to the State Department of Health and Social Services, Division of Corrections. The proceeding is remanded to the circuit court for completion of the dispositional phase in a manner consistent with this opinion.
By the Court.  Order reversed, commitment order vacated and cause remanded.
NOTES
[1] U. S. Const. amend. V; Wis. Const. art. I, sec. 8.
[2] Sec. 972.08 (1), Stats., (1977).
[3] State ex rel. Rizzo v. County Court of Kenosha Co., Branch II, 32 Wis.2d 642, 646, 146 N.W.2d 499 (1966), 148 N.W.2d 86 (1967), cert. denied, 386 U.S. 1035 (1967); Carchidi v. State, 187 Wis. 438, 443, 204 N.W. 473 (1925); State v. Murphy, 128 Wis. 201, 205, 107 N.W. 470 (1906).
[4] State v. Hall, 65 Wis.2d 18, 27-28, 221 N.W.2d 806, 810 (1974).
[5] Supra, note 3; See also State v. Alioto, 64 Wis.2d 354, 219 N.W. 2d 585 (1974) for a post-Kastigar reference to Rizzo.
[6] 406 U.S. 441, 453. The statute interpreted is 18 U.S.C. § 6002.
[7] United States v. Watkins, 505 F.2d 545, 546 (1974).
[8] Transactional immunity, if applied to this case, is narrower than use or derivative use immunity. However, use or derivative use immunity does not broadly immunize from prosecution as does transactional immunity. In the past Wisconsin immunity statutes have been interpreted as coextensive with the fifth amendment privilege. The privilege does not now embrace transactional immunity although sec. 972.08, Stats., refers to transactional immunity. The conflict between past interpretations of the scope of immunity and the present transactional immunity statute is not presented in this case.