389 So.2d 1208 (1980)
J.M.J., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 00-48.
District Court of Appeal of Florida, First District.
October 22, 1980.
*1209 Michael J. Minerva, Public Defender, and Thomas S. Keith, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
J.M.J. appeals a commitment order adjudicating him delinquent for violating the probation terms of a previous order prohibiting truant and runaway behavior and withholding adjudication of delinquency for an act of contempt. The contemptuous act was disobedience to an oral order prohibiting runaway and truant behavior in a dependency case originating from a yet earlier occurrence of such behavior.
Appellant argues the order is reversible because a delinquency petition was never filed and because a finding of delinquency in this case, rather than dependency, frustrates the plain legislative intent of chapter 39, designating truant and runaway behavior as dependency. § 39.01(9), Fla. Stat. (Supp. 1978).[1] The state responds that a delinquency petition in substantial compliance with the pertinent statutes and rules was filed and that the contempt was properly based upon J.M.J.'s willful violation of a court order. § 39.01(8).[2] We agree that no valid delinquency petition exists upon which to base an adjudication of delinquency and that, in any event, under the circumstances of this case, appellant cannot be adjudicated a delinquent for committing the contempt alleged here.
An adjudication of delinquency must be made pursuant to the provisions of chapter 39. § 39.01(8), supra. Chapter 39 via section 39.05(1) requires that:
All proceedings seeking a finding that a child has committed a delinquent act shall be initiated by the state by the filing of a petition for delinquency by the state attorney.
The only pleading filed by a proper authority was a "Petition for Rule to Show Cause."[3] This petition fails to mention delinquency, the necessary facts indicating juvenile court jurisdiction, and the residence and names of J.M.J.'s parents. § 39.05(5); Fla.R.Juv.P. 8.110(a)(1) and (2). The petition apparently conforms to Rule 8.280 outlining the initial procedure for prosecuting indirect contempts and was not intended to conform with the requirements of a proper delinquency petition. Thus, the adjudication of delinquency is void because there is no petition of delinquency to support it. § 39.05(1), supra.
Furthermore, although section 39.01(8), supra, generally permits contempts to be treated as delinquent acts, the scheme of section 39.01(9), supra, indicates the specific acts committed here should be treated as acts of dependency.
*1210 One of the purposes of the Florida Juvenile Justice Act is:
To assure to all children brought to the attention of the courts, either as a result of their misconduct or because of neglect or mistreatment by those responsible for their care, the care, guidance, and control, preferably in each child's own home, which will best serve the moral, emotional, mental, and physical welfare of the child and the best interests of the state. [Emphasis supplied.]
§ 39.001(2)(b). The Act is to be liberally interpreted and construed in conformity with its declared purposes. § 39.001(3). Notably, delinquent children are those who have usually committed crimes. See § 39.01(8) and (34). In contrast, dependent children include those neglected and those formerly known as ungovernable. Compare § 39.01(9), Fla. Stat. (Supp. 1978) with 39.01(9), Fla. Stat. (1977). Further, distinguishing between delinquent and dependent acts has important consequences for a child. It is impermissible to detain a runaway child in a cell with a child charged with having committed a crime. See § 39.402(4). Also, the court may commit a delinquent to the custody of the department until the age of 19, not 18. Compare § 39.11(1)(c) with § 39.41(1)(c). Undoubtedly, the delinquent child incurs a stigma very much like that attached to the word "criminal." See State In Interest of M.S., 73 N.J. 238, 374 A.2d 445, 448 (N.J. 1977). It is apparent that the legislature, in deliberate wisdom, chose to classify persistent runaways and habitual truants only as dependent children, providing the court with a flexible range of placement options to meet the child's need for supervision. § 39.41. Thus, we hold the delinquency adjudication under chapter 39 is invalid under the facts presented in this case.[4]
The order of commitment, adjudicating J.M.J. delinquent and ordering disposition, is vacated.
ERVIN and SHAW, JJ., concur.
WOODROW M. MELVIN (Ret.), Associate Judge, dissents without opinion.
NOTES
[1] § 39.01(9) reads in part:

"Child who is found to be dependent" means a child who, pursuant to this chapter, is found by the court:
.....
(c) To have persistently run away from his parents or legal guardian.
(d) To be habitually truant from school while being subject to compulsory school attendance. [Emphasis supplied.]
[2] § 39.01(8) reads:

"Child who has committed a delinquent act" means a child who, pursuant to the provisions of this chapter, is found by a court to have committed a felony, a misdemeanor, contempt of court, or a violation of a local penal ordinance, other than a juvenile traffic offense, and whose case has not been prosecuted as an adult case. [Emphasis supplied.]
[3] The state urges that numerous "Petitions" substantially complied with Fla.R.Juv.P. 8.110 and § 39.05. However, none of these were signed by a representative of the state attorney's office and moreover, all wholly failed to allege sufficient facts to allege delinquency. Rule 8.110(a)(1); § 39.05(5). Plainly, these petitions sought only continued detention. See § 39.032; Rule 8.040.
[4] We do not have before us the question of the inherent power of the court to punish a juvenile for contempt outside the ambit of the juvenile statutes. Application of Balucan, 44 Haw. 271, 353 P.2d 631 (Haw. 1960); Young v. Knight, 329 S.W.2d 195 (Ky. 1959); In re Williams, 306 F. Supp. 617 (D.C. 1969); Bryant v. State, 256 Ind. 587, 271 N.E.2d 127 (1971); In Re Grand Jury Proceedings, 491 F.2d 42 (D.C. Cir.1974); Thomas v. State, 21 Md. App. 572, 320 A.2d 538 (1974); State v. Tripp, 36 Or. App. 141, 583 P.2d 591 (1978); In Re Doe, 118 N.H. 422, 387 A.2d 802 (1978). Rather, the Department of Health and Rehabilitative Services requested the court handle the case as one for "contempt of court, a delinquent offense." Also, the order of disposition withheld adjudication of "delinquency," the petition alleged a violation of probation was reportedly filed pursuant to chapter 39, and the order under review committed J.M.J. pursuant to § 39.11(3). Thus, it appears the court intended to employ chapter 39 mechanisms to deal with J.M.J.'s behavior. Additionally, the state does not contend, nor has it ever contended, that the order is sustainable under the inherent powers of the court to punish for contempt.