STATE of Wisconsin, Plaintiff-Appellant,

v.

Earl A. WORGULL, Defendant-Respondent.

Supreme Court

*No. 84–2451–CR. Argued January 8, 1986.—Decided February 11, 1986.*

(Also reported in 381 N.W.2d 547.)

3

For the plaintiff-appellant the cause was argued by *Barry M. Levenson,* assistant attorney general, with whom on the briefs was *Bronson C. La Follette,* attorney general.

For the defendant-respondent there was a brief and oral argument by *Mark Lukoff,* first assistant state public defender.

STEINMETZ, J.   The issues in this case are: (1) whether sec. 128.16, Stats.,[1] authorizing immunity from criminal prosecution for compelled testimony in creditors' actions, applies to the debtor in such actions.

(2)   Whether the district attorney must request immunity under sec. 128.16, Stats., before the circuit court can grant immunity.

(3)   Whether Earl A. Worgull's refusal to answer an interrogatory from a creditor without an order under sec. 128.16, Stats., was sufficient to invoke im-

---

[1] Sec. 128.16, Stats., provides as follows:

"**128.16 Discovery.** The court may compel the debtor to discover any property alleged to belong or to have belonged to him, the disposition thereof and the consideration and all the circumstances of such disposition. Every officer, agent or stockholder of a corporation and every person to whom it shall be alleged that any transfer of property has been made, or in whose possession or control the same is alleged to be, may be compelled to testify in relation thereto and to the transfer or possession of such property; but such witness shall not be liable to criminal prosecution or proceeding for any act regarding which he is so compelled to testify."

4

munity despite his failure to explicitly claim the privilege against self-incrimination.

We hold that a debtor who is compelled to answer an interrogatory in a creditors' action may be granted immunity without a request from the district attorney. We also hold that this defendant sufficiently invoked the privilege against self-incrimination by refusing to answer a specific interrogatory without an order under sec. 128.16, Stats., which is an immunity statute. We therefore affirm the circuit court judgment dismissing the criminal charges derived from the defendant's compelled answers.

This is an appeal by the state from a decision and order of the circuit court for Waukesha county. The circuit court dismissed a criminal complaint accusing Earl A. Worgull of committing theft by trustee, contrary to sec. 943.20(1)(b), Stats. The court ruled that the defendant had been granted immunity from prosecution for this offense in a civil action under ch. 128.

The court of appeals certified the case to this court and we accepted certification on October 8, 1985. The primary issue that the court of appeals requested this court to resolve is whether a circuit court can grant immunity under sec. 128.16, Stats., without a request from the district attorney.

At some time during 1983, prior to the issuance of the criminal complaint, the defendant began a voluntary assignment for the benefit of creditors under ch. 128, Stats., in Waukesha county. During the course of that action, a creditor sent the following interrogatory to the defendant:

"State whether you have received any monies or properties from the Walter J. Worgull Living Trust, and if so, identify the properties so received, or if the

property was in the form of cash, the amount or amounts so received, and the date or dates thereof of any such transfers, and in addition, state the disposition of those funds or properties after the transfer."

The defendant responded in writing that: "Pursuant to advice of counsel, I am refusing to answer any questions at this time. I will fully answer any questions on a proper court order."

On October 3, 1983, a hearing was held before the Honorable Neal Nettesheim, to consider the defendant's refusal to answer the interrogatory. The defendant appeared with counsel. Counsel for the creditor asked the court to order the defendant to answer the interrogatory. Counsel for the defendant responded:

"There is one interrogatory, very broad, basically, asking where is the money, where is the property, et cetera. On my advice Mr. Worgull is refusing at this time to answer that particular question. It's our position that if the Court were to order and compel him to answer the interrogatory it would, provided that that order was made pursuant to Section 128.16, which allows you to do that.

"That's basically our position. We would promptly file an answer to the interrogatory provided the Court was to do so." At no time did the defendant, either by himself or by counsel, specifically claim the privilege against self-incrimination as the basis for refusing to answer the interrogatory. The district attorney for Waukesha county was not notified of the hearing on October 3, 1983, and he did not appear.

The circuit court directed the defendant to respond to the interrogatory in the following language:

6

"The Court is of the opinion that this Interrogatory Number 1 is proper in form and in substance. Discovery, of course, is expressly contemplated and allowed, if not explicitly at least impliedly, by Section 128.16 *which affords the person being interrogated certain protections.* This is a legitimate and proper question to be put to one such as Mr. Worgull in light of his role as— alleged role as trustee.

"Therefore, the Court directs Mr. Worgull to provide an appropriate answer to Interrogatory Number 1, and the Court specifically enters this order against Mr. Worgull under Section 128.16." (Emphasis added.)

The judge obviously knew that sec. 128.16, Stats., is an immunity statute because he specifically referred to the "certain protections" resulting from this section.

In response to the interrogatory, the defendant stated that he received checks totaling $67,997.26 which he negotiated and deposited into a bank account in the name of Walter J. Worgull Living Trust Agreement. He further answered that all of these funds went directly to the defendant for his own business interests. This answer directly incriminated the defendant in the criminal offense of theft by trustee because he was only authorized to accept the money in his capacity as trustee. The defendant was the trustee for the Walter J. Worgull Living Trust, and the money he received was to be disbursed to the beneficiaries of the trust.

On April 18, 1984, the Waukesha county district attorney issued a summons and complaint accusing the defendant of committing theft by trustee. The complaint relied substantially on the defendant's answer to the interrogatory in the voluntary assignment action.

On May 8, 1984, the defendant moved to dismiss the complaint. He claimed that the state is barred from prosecuting the defendant because the order compelling him to answer in the assignment action pursuant to sec. 128.16, Stats., granted him transactional immunity from prosecution. He also claimed that the complaint does not establish probable cause without the answer to the interrogatory, in the event that he only acquired derivative immunity in the civil action. The state conceded that no facts independent of the defendant's answer to the interrogatory established the requisite probable cause for the criminal complaint.

On October 25, 1984, the Honorable Mark S. Gempeler, concluded that the defendant could claim the immunity protection of sec. 128.16, Stats. The judge reasoned that the immunity statute is intended to facilitate creditors' remedies in cases of fraudulent transfers. Creditors cannot effectively discover the location of assets without such immunity. The debtor's immunity is the *quid pro quo* for waiving the privilege against self-incrimination. The judge also held that the immunity was transactional in nature, thereby barring prosecution for conduct disclosed by the immunized testimony. The judge accordingly dismissed the complaint.

The first issue that the court must consider is whether a circuit court can grant the debtor in a creditor's action immunity under sec. 128.16, Stats. The state argues that sec. 128.16 authorizes immunity only for persons to whom the debtor allegedly has transferred property. The state bases this argument on the statutory language indicating that "[e]very officer, agent or stockholder of a corporation . . . to whom it

shall be alleged that any transfer of property has been made . . . may be compelled to testify . . . but such witness shall not be liable to criminal prosecution or proceeding for any act regarding which he is so compelled to testify." The state construes the grant of immunity for "such witness" to be limited to the persons identified in the next preceding antecedent of the statute, *i.e.,* persons to whom property allegedly has been transferred.

The state's argument is unconvincing because it selectively ignores relevant parts of sec. 128.16, Stats., and because it ignores the purpose of the immunity statute. The court agrees that the grant of immunity to "such witness" is limited by the next preceding antecedent. *See Fuller v. Spieker,* 265 Wis. 601, 605, 62 N.W. 2d 713 (1954). The full text of the relevant antecedent, however, provides that "[e]very officer, agent or stockholder of a corporation and every person to whom it shall be alleged that any transfer of property has been made, *or in whose possession or control the same is alleged to be,* may be compelled to testify in relation thereto to the transfer or possession of such property." (Emphasis added.) The emphasized language clearly permits discovery from persons who allegedly possess property in which creditors may have an interest. The debtor obviously is a person who may possess such property. Thus, sec. 128.16, by its express language, permits courts to compel testimony from debtors, thereby authorizing grants of immunity.

The purpose of sec. 128.16, Stats., would be seriously undermined by a construction that prohibits compelled testimony from debtors. Creditors would be frustrated in locating property if they could not secure testimony directly from the debtor. It is little solace

that a court can compel testimony from persons to whom property has been transferred if the identity of such persons cannot be discovered from the debtor. We therefore conclude that sec. 128.16, by its express language and its purpose, authorizes courts to grant immunity to debtors who are compelled to testify in creditors' actions.

The state also incorrectly argues that answers to interrogatories are not "testimony" for which sec. 128.16, Stats., authorizes immunity. The scope of protection granted by immunity statutes is coextensive with the privilege against self-incrimination. *State v. Hall,* 65 Wis. 2d 18, 27, 221 N.W.2d 806 (1974). Therefore, we construe immunity statutes to provide protection against all compelled disclosures that are testimonial within the meaning of the fifth amendment. The protection of the privilege reaches all communications, whatever form they might take. *Schmerber v. California,* 384 U.S. 757, 763–62 (1966). Because incriminating answers to interrogatories clearly constitute testimonial disclosures under the fifth amendment, we hold that sec. 128.16 authorizes immunity when a court compels answers to interrogatories.

We next address the question whether a circuit court may grant immunity under sec. 128.16, Stats., without a motion from the district attorney. The state relies on *Hall,* 65 Wis. 2d at 31, to support its claim that witness immunity must be requested by the district attorney, who must participate in the proceeding at which immunity is granted. In *Hall,* the court interpreted sec. 972.08, to define the procedure for granting immunity under all immunity statutes. The court con-

strued sec. 972.08 to require the district attorney to request immunity:

" '. . . there is the additional requirement that a witness will receive immunity only if compelled to testify "by order of the court on motion of the district attorney." . . .' This prescribed procedure for judicial, not prosecutorial or ministerial, granting of immunity is not an amendment to any particular state immunity statute. It prescribes the procedure, uniform and mandated, to be followed in the granting of immunity under all the state immunity statutes." *Id.* at 31.

The court made this statement in the context of a criminal proceeding, a grand jury appearance, and must be read in that context. Furthermore, the quoted statement in *Hall* was from *State ex rel. Rizzo v. County Court,* 32 Wis. 2d 642, 648, 146 N.W. 2d 499, 148 N.W. 2d 86 (1966), *cert. denied,* 386 U.S. 1035 (1966), which involved testimony in a John Doe proceeding.

Although sec. 972.08, Stats., requires the district attorney to request immunity, that statute is not applicable in civil actions under ch. 128, the contrary language in *Hall* notwithstanding. We clarified the scope of sec. 972.08 in *In Matter of Grant,* 83 Wis. 2d 77, 88, 264 N.W. 2d 587 (1978), involving the question of immunity in a paternity investigation. We stated that "[t]he general immunity statute, sec. 972.08(1), Stats., applies only to an assertion of the privilege in a criminal hearing or trial." This restriction on sec. 972.08 is required by the language of the statute, which expressly applies only to compelled testimony before grand juries, John Doe proceedings, preliminary examinations, and any other criminal hearing or trial. We

11

further stated in *Matter of Grant*, 83 Wis. 2d at 89, that "[t]he power to grant immunity is a legislative power and not an inherent power of either the prosecutor or the court." Thus, the legislature has the power to authorize grants of immunity without the consent of the district attorney.

Because the power to grant immunity is a legislative power, sec. 128.16, Stats., is a proper legislative act. Under that statute, the decision to grant immunity lies with the circuit court when a creditor requests an order to compel a witness to disclose the location of property. We also construe sec. 128.16 to impose three conditions which must be satisfied before the court grants immunity: (1) the witness must claim the privilege against self-incrimination; (2) the witness must be compelled to testify under the statute; and (3) the testimony must be incriminatory. These requirements are discussed in *Hall*, 65 Wis. 2d at 28–32. We consider such requirements necessary to permit the circuit court to rationally decide whether to compel testimony, and thereby grant immunity. The requirements also allow the court to limit such transactional immunity to incriminatory statements. An informed decision by the court is important because sec. 128.16 confers on a witness transactional immunity against prosecution "for any act regarding which he is so compelled to testify."

The state contends that the defendant did not sufficiently invoke the privilege against self-incrimination and that the court did not compel the defendant to testify. The state concedes that the defendant's disclosures were incriminatory.

12

■

We conclude that the argument disputing compulsion to testify lacks any serious merit. We rely on the fact that the court entered an order directing the defendant to answer a specific interrogatory. The defendant had refused to answer the interrogatory without an order from the court under sec. 128.16, Stats. The court entered such an order, while explicitly relying on sec. 128.16. The limitation of the order to a single interrogatory removes this case from those where a witness is compelled to appear, for instance by a subpoena, but not compelled to answer a specific question. The order satisfies this court's test in *Hall,* 65 Wis. 2d at 30, requiring " ' "real compulsion, not mere right of compulsion." ' " The validity of the grant of immunity, therefore, depends on whether the defendant adequately claimed the privilege against self-incrimination.

■

Although the defendant did not expressly refuse to answer the interrogatory on the basis that he might incriminate himself, we conclude that he sufficiently invoked the privilege. The United States Supreme Court stated in *Quinn v. United States,* 349 U.S. 155, 162 (1955), that "[i]t is agreed by all that a claim of the privilege does not require any special combination of words." Also, "the fact that a witness expresses his intention in vague terms is immaterial so long as the claim is sufficiently definite to apprise the committee [court] of his intention. As everyone agrees, no ritualistic formula is necessary in order to invoke the privilege." *Id.* at 164. In this case, the defendant's attorney clearly stated that his client would not answer the particular interrogatory unless ordered to do so pursuant to sec. 128.16, Stats. We conclude that the request for

13

an order under the immunity statute as the only condition for answering the interrogatory sufficiently indicated the defendant's intent to invoke the fifth amendment. The circuit court also realized the significance of an order under sec. 128.16, as indicated by its express statement that the statute granted witnesses certain protections. In fact, the only protection authorized by the statute is immunity.

We hold that the circuit court properly granted the defendant immunity, thereby precluding the criminal prosecution in this case. We caution circuit courts, however, to guard against unwittingly granting transactional immunity under sec. 128.16, Stats., when compelling testimony. An order under sec. 128.16 should not be made until after a witness invokes the privilege against self-incrimination, and after the court ascertains that the witness has a real and appreciable fear of self-incrimination. *Matter of Grant*, 83 Wis. 2d at 82. Here, the court knowingly granted the defendant immunity, as evidenced by its reference to the protections of sec. 128.16. Also, the real and appreciable danger of incrimination was apparent from the context of the question. *See State v. McConnohie*, 121 Wis. 2d 57, 69, 358 N.W. 2d 256 (1984). Because the court properly granted the defendant immunity, we affirm the judgment dismissing the criminal complaint.

*By the Court.*—The judgment of the circuit court for Waukesha county is affirmed.