131 Wis.2d 451 (1986)
389 N.W.2d 366
STATE of Wisconsin EX REL. Patrick SMITH, d/b/a Rawson Development Group, Ltd., Petitioner-Appellant,[]
v.
CITY OF OAK CREEK, a Municipal corporation, The Common Council of the City of Oak Creek, and LaVerne C. Gutknecht, City of Oak Creek Clerk, Respondents.
No. 85-1470.
Court of Appeals of Wisconsin.
Submitted on briefs February 4, 1986.
Decided April 16, 1986.
*453 For the petitioner-appellant the cause was submitted on the briefs of Cunningham, Lyons, Steele & Cramer, S.C. with Thomas P. Lyons, of counsel, of Milwaukee.
*454 For the respondents the cause was submitted on the briefs of Lawrence J. Haskin, City Attorney, of Oak Creek.
Before Moser, P.J., Wedemeyer and Sullivan, JJ.
SULLIVAN, J.
Patrick Smith (Smith) appeals an order dismissing his request for a temporary injunction, an order denying his request for a permanent injunction, and an order dismissing his petition for a writ of certiorari. We hold that Smith may be considered a habitual law offender under sec. 125.04(5)(b), Stats., even though he has never been convicted of any crime or offense. For that reason, Smith was properly denied. a renewal of his alcoholic beverage license. Accordingly, we affirm the circuit court's orders.
Smith had testified under immunity from prosecution in a criminal case that he had illegally possessed and sold controlled substances, sometimes inside his tavern. This testimony was later read at a hearing before the Common Council of the City of Oak Creek (the council) regarding the renewal of Smith's alcoholic beverage license. The council-refused to renew Smith's license because he was a habitual law offender under sec. 125.04(5)(b), Stats.
Smith petitioned the circuit court for a writ of certiorari on the ground that the council's action was arbitrary, capricious, and discriminatory. He also sought a permanent injunction ordering the council to renew his license. Smith obtained a temporary injunction pending the circuit court's decision. The circuit court denied the petition for writ of certiorari on the merits, holding that the council acted reasonably in denying Smith's license renewal due to his admitted drug dealing in his tavern. Accordingly, the trial court dismissed *455 the temporary injunction and denied the permanent injunction. Smith appeals.
[1,2]
Review by certiorari is not a de novo inquiry. Van Ermen v. DH&SS, 84 Wis. 2d 57, 64, 267 N.W.2d 17, 20 (1978). Review is limited, rather, to four issues: (1) whether the council stayed within its jurisdiction; (2) whether it acted according to law; (3) whether its action was arbitrary, oppressive, or unreasonable, representing its will instead of its judgment; and (4) whether the evidence was such that it might reasonably have made the determination under review. Id. at 63, 267 N.W.2d at 20 (citation omitted). In considering whether the council's decision might reasonably have been made on the evidence, the reviewing court can inquire only whether there is substantial evidence to support the decision. Id. at 64, 267 N.W.2d at 20. On appeal, our standard of review is the same as the trial court's. State ex rel. Cox v. DH&SS, 105 Wis. 2d 378, 380, 314 N.W.2d 148, 149 (Ct. App. 1981).
To determine these issues, we must first answer a question of law: Must a person have been convicted of a law violation to be considered a habitual law offender under sec. 125.04(5)(b), Stats.? Statutory interpretation is a question of law which we review without deference to the trial court. Town of Seymour v. City of Eau Claire, 112 Wis. 2d 313, 319, 332 N.W.2d 821, 823 (Ct. App. 1983). We first examine the statutory language and, if the statute is unambiguous, the words of the statute must be given their obvious and ordinary meaning. Id., 332 N.W.2d at 823-24.
*456 Section 125.04(5)(b), Stats., states that no alcoholic beverage license may be issued "to any natural person who has habitually been a law offender or has been convicted of a felony . . ." Nor may a license be issued to a corporation unless its agent, officers, and directors meet this qualification. Sec. 125.04(5)(c). Smith is an officer of the corporation that owns the tavern.
Nothing in the language of sec. 125.04(5), Stats., mandates a conclusion that a person must be convicted of a law violation to be a habitual law offender. The statute names two classes of persons to whom alcoholic beverage licenses may not be issued: habitual law offenders and convicted felons. If the legislature intended that habitual law offenders as well as felons be convicted, it would have said so. Giving the statutory language its obvious and ordinary meaning, we conclude that conviction of a law violation is not required for a person to be a habitual law offender. Rather, such a conviction is evidence that one is a habitual law offender. Sworn testimony that one has often violated the drug laws is also evidence that one is a habitual law offender. In this case, it was sufficient evidence from which the council could reasonably conclude that Smith's license should not be renewed.
It is immaterial that Smith was testifying in the criminal case under a grant of immunity. Immunity merely "creates a bar to a prosecution for the offense. The offense with its attendant moral turpitude is left just the same," but the state is prevented from seeking criminal remedies against the witness. State ex rel. Rizzo v. County Court, 32 Wis. 2d 642, 646, 146 N.W.2d 499, 501 (1966) (citation omitted), reh'g denied 32 Wis. *457 2d 652b, 148 N.W.2d 86, cert. denied 386 U.S. 1035 (1967). Contrary to Smith's assertion, the use of his testimony at the council's hearing did not result in his conviction without a trial. The state has not violated Smith's prosecutorial immunity.
We conclude that the council acted according to law in refusing to renew Smith's alcoholic beverage license. The council's action was not arbitrary, oppressive, or unreasonable. The record, including Smith's own testimony regarding his habitual violations of the controlled substances act, ch. 161, Stats., contains substantial evidence to support the council's decision. Thus, the trial court properly dismissed Smith's petition for writ of certiorari and properly denied permanent injunctive relief.
Finally, Smith asserts that sec. 125.04(5)(b), Stats., is unconstitutionally vague. There is no indication in the record, however, that the attorney general was notified of Smith's constitutional challenge to the statute. We therefore decline to address the issue. "[A] party will be foreclosed from challenging the [constitutional] validity of a statute unless the attorney general is given an opportunity to appear before the court and defend the law as constitutionally proper." In re Estate of Fessler, 100 Wis. 2d 437, 443, 302 N.W.2d 414, 417 (1981).
For the foregoing reasons, we affirm the circuit court's orders.
By the Court.Orders affirmed.
WEDEMEYER, J. (dissenting).
I respectfully dissent. The majority holds that an individual can be a *458 habitual law offender under sec. 125.04(5)(b), Stats., without being convicted of any offense. Thus, testimony from a collateral proceeding may be utilized by a local governmental body as a type of surrogate conviction for the purpose of denying an alcoholic beverage license. I believe such action is antithetical to due process and fundamental fairness and cannot be condoned.
The title to sec. 125.04(5)(b), Stats., reads "Criminal offenders." Although it is true that the title of a subsection is not part of the statute, sec. 990.001(6), Stats., it can be indicative of legislative intent. State v. Lemieux, 110 Wis. 2d 158, 166, 327 N.W.2d 669, 673 (1983). It seems clear that the legislature wished to prevent criminals from obtaining or retaining alcoholic beverage licenses. Smith was not even charged with, much less convicted of, any crime. Instead he is labeled a criminal offender without benefit of trial. The majority, like the trial court, find that the "moral turpitude" associated with Smith's conduct is sufficient to ratify the council's action. The legislature specifically removed consideration of a licensee's "good moral character" from sec. 125.04(5), Stats., by enacting ch. 391, Laws of 1981. Whether this standard was wise or not, it was eliminated by the legislature and it is not this court's function to reinstate it.
Because I believe that a habitual law offender under sec. 125.04(5)(b), Stats., must have received due process, i.e., been charged, tried and convicted of some offense(s), I dissent.
NOTES
[] Petition to review pending. This petition was not decided at the time the volume went to press. Its disposition will be reported in a later volume.